IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Robert D. Chapman, | ) | Civil Action Number 4:21-cv-02786-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Winco Fireworks of South Carolina, Circus Fireworks, and Black Cat Fireworks, | ) ) ) ) | **ORDER OF DISMISSAL** |
| Defendants. | ) | |

THIS MATTER is before the court on Plaintiff's failure to timely respond to a previous Order, ECF No. 33, in which this court gave Plaintiff twenty days to notify the court of his intention to proceed with litigation or face dismissal for failure to prosecute. The twenty-day deadline having long since passed, the matter is now ripe for ruling.

Plaintiff filed suit on April 16, 2021, in the Chesterfield County, South Carolina Court of Common Pleas. [ECF No. 1-1 at 2.] Defendants subsequently removed the case to this court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. [ECF No. 1 at 1.]

On March 1, 20212, attorney Kevin D. Barth moved to be Relieved as Counsel for Plaintiff, ECF No. 11. In his supporting affidavit, Mr. Barth attested he had communicated with co-counsel, Mr. John Bledsoe, who said he had no objection to Mr. Barth being relieved as counsel and would remain in the case as attorney of record for Plaintiff. [ECF No. 13 at 1.] Mr. Barth also attested "Plaintiff has not indicated whether he consents to the Motion or opposes it." *Id*. at 2. He also certified that "Plaintiff was personally served with the Motion and was also provided with an explanation that he has a right to object …. As of the date of this Affidavit, no response has been received from the Plaintiff." *Id.* This court entered a text order granting Mr. Barth's Motion on

March 25, 2022, noting "Attorney John W. Bledsoe will continue as counsel for Plaintiff." [ECF No. 14.]

Mr. Bledsoe moved to be relieved as counsel on July 25, 2022, ECF No. 19, and subsequently filed several affidavits in support of his Motion. [*See* ECF Nos. 19-1, 24, and 27-1.] To make sure Plaintiff had every opportunity to be notified of and respond to Mr. Bledsoe's Motion to be Relieved as Counsel, the court entered a text order instructing Mr. Bledsoe to certify he provided Plaintiff with a copy of the Motion. [ECF No 26.] In response, Mr. Bledsoe filed a copy of a letter to he sent to Plaintiff in which he explained the implications of the Motion and of Plaintiff's right to respond. [ECF No. 30 at 1.] In the letter, Mr. Bledsoe referenced his previous filings and told Plaintiff he had until October 18, 2022, to respond. [ECF No. 30.]

Satisfied Plaintiff received sufficient notice of Mr. Bledsoe's Motion, and having received nothing in reply from Plaintiff, this court relieved Mr. Bledsoe as counsel on November 28, 2022. [ECF 33.] In its Order, the court instructed Plaintiff "within twenty (20) days from the date of this order, complete the attached notice and mail it to the Clerk of Court at the address indicated. *If Plaintiff fails to file the attached letter with the Clerk within the time prescribed, the court will dismiss the action for failure to prosecute.*" [ECF No. 33 (emphasis added).] Included with the Order was a notice form with the instruction for Plaintiff to return the form indicating his intention to either proceed pro se or give the name and contact information of new counsel. [ECF No. 33-1.] Copies of the Order and notice form were sent to Plaintiff's two last known addresses as provided by Mr. Bledsoe in his third affidavit. [ECF No. 27-1.]

Plaintiff's response was due on December 18, 2022. As of the date of this Order, Plaintiff has failed to respond either by submitting the notice form or in any other manner. The time for Plaintiff to make a response having long since passed, the court finds dismissal is appropriate.

District courts may dismiss an action for failure to prosecute sua sponte. *See* Rule 41(b), Fed. R. Civ. P. "The authority of a federal trial court to dismiss a Plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted…. The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily invested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 629, 630-31 (1962). "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

The court finds Plaintiff has been given sufficient notice of his obligation to contact the court about his intentions to proceed in this litigation or face dismissal. As Plaintiff has failed to prosecute this case and has failed to comply with an order of this Court, the case is **dismissed with prejudice** pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Columbia, SC
January 9, 2023

s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge